## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHARMAINE BRAWNER,

     Plaintiff,                                Case No.:

v.

PASCO COUNTY HOUSING
AUTHORITY, and LINDA WRIGHT, in
her Official Capacity as Interim Executive
Director of the Pasco County Housing
Authority,

     Defendants.

------------------------ /

### COMPLAINT FOR DECLARATORY and INJUNCTIVE
### RELIEF SOUGHT

Plaintiff, CHARMAINE BRAWNER, sues Defendants, PASCO COUNTY HOUSING AUTHORITY, and LINDA WRIGHT, in her Official Capacity as Interim Executive Director of the Pasco County Housing Authority, and alleges:

### PRELIMINARY STATEMENT

1. Charmaine Brawner (Brawner) brings this action based on her entitlement to continued participation in the United States Department of Housing and Urban Development (HUD) Section 8 Housing Choice Voucher Program (voucher program) operated by the Pasco County Housing Authority (PCHA or Defendant), a Public Housing Authority (PHA).

2.      Under the voucher program the PHA pays rental subsidies to private landlords on behalf of assisted families.

3.      This cause of action concerns Defendants' termination of Brawner's Section 8 rental assistance.

4.      Brawner seeks a declaration that Defendants' termination of her Section 8 assistance violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

5.      Brawner seeks an order from the court requiring the PCHA and Linda Wright, in her official capacity as Interim Executive Director of PCHA, to reinstate Brawner's Section 8 assistance, and requiring the PCHA to retroactively reinstate Brawner's Section 8 assistance since July 2014.

## JURISDICTION

6.      Brawner's claims arise under the Constitution and laws of the United States.  This court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331(a) and 1343(a)(3)-(4), and pursuant to its authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

## VENUE

7.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), because the events upon which the Complaint is based took place in that district.

## PARTIES

8.      Plaintiff, Charmaine Brawner, is a natural person who at all times relevant hereto resided in Pasco County, Florida.

9.      Defendant, Pasco County Housing Authority is a public body corporate and politic established pursuant to Chapter 421, Florida Statutes.   Under 24 C.F.R. § 982.1, a PHA, such as PCHA, is a state or local governmental entity that administers the HUD Housing Choice Voucher Program.   At all times relevant hereto PCHA has been charged with the duty of implementing the federal Section 8 Housing Choice Voucher Program in Pasco County, Florida.

10.      Defendant, Linda Wright (Wright or Defendant) is a natural person who at all times relevant hereto who has been employed by PCHA as its Interim Executive Director.

## STATUTORY AND REGULATORY BACKGROUND

11.      As set forth in 42 U.S.C. §1437f(a), the Section 8 housing assistance program was established by Congress under the following policy:

> For the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing in accordance with the provisions of this section.

12.      As pertinent hereto, the Section 8 Program provides that after an application for a Section 8 Housing Choice Voucher is approved, the tenant is issued a Voucher by the PHA entitling the tenant to seek a dwelling that has the appropriate number of bedrooms and meets the local housing code and PHA standards.   Once the PHA approves the dwelling, a Dwelling Lease is signed by the tenant and the landlord. The lease must include the HUD required "Tenancy Addendum."   The PHA and the landlord enter into a

"Housing Assistance Payments Contract." This arrangement, *inter alia*, requires the tenant family to pay to the landlord a portion of the "contract" rent (*i.e.,* market value) based upon a percentage of the family's income, with the PHA paying the remainder of the contract rent.

13.     The  HUD  regulations implementing the Section 8 Housing Choice Voucher Program are located at 24 C.F.R. § 982.  The regulations governing the manner by which the PHA may terminate assistance to a participant are located at 24 C.F.R. §982 Subpart L-Family Obligations; Denial and Termination of Assistance (24 C.F.R. §§ 982.551 - 982.555).

14.     24 C.F.R. §982.555(a) requires that, when a PHA seeks to terminate a participant from the voucher program upon an allegation that the participant has acted or failed to act as required the PHA must provide the participant an opportunity for a hearing.

15.     24 C.F.R. § 982.555(e)(3) provide that the family may be represented by a lawyer or other representative, at its own expense, at the hearing.

## FACTUAL BACKGROUND

16.     Plaintiff receives Section 8 rental assistance provided through the PCHA.

17.     Brawner resides with her minor children in a Section 8 rent assisted home in New Port Richey, Florida.  Brawner is disabled, suffers mental illness, and receives Supplemental Security Income.  Brawner has a representative payee for her Supplemental Security Income.

18.     Until July 31, 2014, Brawner received from PCHA Section 8 assistance to help her and her children afford a safe, decent place to live.

19.     On February 4, 2014, PCHA's counsel sent a letter to Brawner informing Brawner that PCHA had made a decision to terminate her Section 8 assistance.  The letter further states that Brawner had 10 days to give a written request for an informal hearing.

20.     The February 4, 2014, letter from PCHA to Brawner states PCHA is terminating her Section 8 Assistance for

> …an unauthorized occupant residing at your prior and current assisted unit, Kevin Floyd. It has likewise come to the Authority's attention that there is a history of you harassing residents of your prior assisted unit and noise disturbances at the prior assisted unit. It has likewise come to the attention of the Authority that you have been verbally abusive with the landlord of your current unit. …

21.     Brawner timely made a written request for an informal hearing. This notice was delivered to PCHA's attorney Shelly Johnson (Johnson) by Brawner's attorney Richard Motley (Motley) on February 13, 2014.

22.     Sometime after February 18, 2014 Brawner received a Notice of Hearing from Johnson setting the informal hearing.

23.     The hearing was set for February 26, 2014 to be held in Dade City, Florida, which is 35.2 miles from Brawner's residence.

24.     Brawner did not have an operable automobile or the funds to pay for transportation from New Port Richey to Dade City for the hearing.

25.     On February 24, 2014, Motley sent an email to Johnson requesting that the hearing be held at a location more convenient to Brawner as Brawner did not have transportation to Dade City.

26.     Counsels exchanged emails on the issue of location but reached no consensus.

27.     The hearing scheduled for February 26, 2014 did not take place.

28.     Without any communication or coordination with Brawner or her attorney the PCHA reset the hearing for May 30, 2014 with the hearing to take place in Dade City, Florida.

29.     On May 14, 2014 Johnson issued five witness subpoenas to compel witness attendance at the hearing. This was done prior to informing Brawner or her counsel of the hearing date.

30.     On Friday May 23, 2014 at 1:45 p.m., Brawner received in the mail a notice of hearing sent by Johnson, setting the informal hearing for Friday May 30, 2014 at 10 a.m. in Dade City, FL.

31.     This particular weekend was the weekend of Memorial Day. Brawner's attorney was on vacation out of town from Friday May 23, 2014 until Wednesday May 28, 2014.

32.     Motley was informed of the hearing date and location by Ms. Brawner on Wednesday morning upon his return to his office and he immediately emailed attorney Johnson requesting that the hearing date and location be set for a coordinated time and place.

33.     Counsels exchanged emails on the issue of continuing the hearing but attorney Johnson would not agree to reset the hearing.   In the exchange of emails between counsel, Motley expressed his position that the notice provided inadequate time to prepare for the hearing, because Motley had other obligations and activities that had to take place before and during the hearing time set by PCHA.

34. Attorney Motley requested a continuance from the hearing officer that was denied.

35. The hearing was held without the participation of Brawner or her Motley.

36. On June 12, 2014 the hearing officer issued an order upholding PCHA's decision to terminate Brawner's Section 8 benefits.

37. Defendant, Ms. Wright, in her official capacity as Interim Executive Director of the PCHA, implemented the termination of Brawner's Section 8 benefits.

38. Brawner understands that the termination of Section 8 benefits will occur on July 31, 2014.

39. Without Section 8 assistance Brawner cannot afford to pay her monthly rent.

40. But for PCHA's termination of Brawner's Section 8 Assistance, Brawner qualifies for and would continue to qualify for Section 8 Assistance.

41. Without restoration of her Section 8 assistance Brawner and her children will be rendered homeless.

42. Brawner is without any adequate remedy at law.

**COUNT l**
42 U.S.C. §1983 -Fourteenth Amendment
Due Process Deprivation

43. Plaintiff incorporates by reference the foregoing paragraphs.

44.     Count 1 is a 42 U.S.C. § 1983 claim against Defendants for violation of Brawner's Due Process rights secured under the Fourteenth Amendment to the United States Constitution.

45.     The Fourteenth Amendment to the United States Constitution prohibits a State from "depriv[ing] any person of ... property, without due process of law...."

46.     42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

47.     Defendants are "persons" under 42 U.S.C. § 1983.

48.     Defendants at all times relevant to this action were acting "under color" of state law.

49.     Brawner's participation in the Section 8 Housing Choice Voucher Program, administered by PCHA, is a property interest protected by the constitutional requirement of due process.

50.     Brawner asserts a procedural due process claim against the Defendants for failing to provide due process in the deprivation of a protected liberty and property interest, that interest being the receipt of a public welfare benefit.

51.     Goldberg v. Kelly, 397 U.S. 254 (1970) , has established the foundation of the procedural due process requirements under the Fourteenth Amendment to the United States Constitution when terminating a public welfare benefit.  Goldberg has established the requirement of a pretermination hearing that "must be 'at a meaningful time and in a

meaningful manner.'" <u>Goldberg</u> at 267. Among other requirements of a pretermination hearing is the requirement that "the recipient must be allowed to retain an attorney if he so desires." <u>Goldberg</u> at 270.

52.     The Department of Housing and Urban Development has issued regulations implementing the due process requirement set out in <u>Goldberg</u> which are found at 24 C.F.R. §982.555.   The right of a recipient to participation of counsel at the hearing is provided in 24 C.F.R. 982.555(e)(3) and states – "(3) Representation of family. At its own expense, the family may be represented by a lawyer or other representative."

53.     The regulation further requires a PHA to establish an administrative plan that must state the PHA procedures for conducting informal hearings for participants.

54.     PCHA has an administrative plan for Section 8 recipient hearings which includes the same language contained in the regulation.   For public housing recipients the plan also states, "… a formal grievance hearing shall be scheduled by the hearing officer or hearing panel promptly for a time and place reasonably convenient to both the Complainant and the PCHA. ..."

55.     Defendants deprived Brawner of due process by issuing a decision terminating her welfare benefits without complying with the due process required for a pretermination hearing  in the following manner:

a.     By depriving Brawner of a meaningful pretermination hearing by setting a hearing date which could not be attended by her counsel.

b.     By depriving Brawner of a meaningful pretermination hearing by setting a hearing date without coordination the same with counsel for Brawner.

c.    By depriving Brawner of a meaningful pretermination hearing by providing inadequate notice of the hearing date and time.

d.    By depriving Brawner of a meaningful pretermination hearing by withholding notice of the hearing date from counsel for Brawner after having knowledge of the hearing date so as to minimize the opportunity for Brawner's counsel to prepare.

e.    By depriving Brawner of a meaningful pretermination hearing by setting the hearing at a location that cannot be readily accessed by Brawner.

56.    Defendants through their unconstitutional acts and conduct have deprived, without due process, Brawner of her entitlement to Section 8 assistance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

( 1 ) Declare Defendants violated Brawner's right not to be deprived of property without due process of law under the Fourteenth Amendment to the United States Constitution when they terminated her Section 8 assistance;

(2) Order the Pasco County Housing Authority and Linda Wright, in her official capacity as Interim Executive Director of the Pasco County Housing Authority, to reinstate Brawner's  Section  8 assistance, including ordering the Pasco County Housing Authority to retroactively reinstate Brawner's Section 8 assistance since July 31, 2014.

(3) Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

(4) Grant such other and further relief as this court may deem just and proper.

Respectfully Submitted,

_/s/Richard A. Motley_____
**Richard A. Motley,  Esquire**
Florida Bar # 230650
BAY AREA LEGAL SERVICES, INC.
8406 Massachusetts Ave., B-2
New Port Richey,  FL 34653
(727)847-5494   Ext. 103
FAX:   (727)842-1786
E-Mail:   dmotley@bals.org
**Trial Counsel for Plaintiff**