UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE BRAWNER,

        Plaintiff,

v.                                      Case No:  8:14-cv-01616-SDM-AEP

PASCO COUNTY HOUSING AUTHORITY,
 and LINDA WRIGHT, in her Official
Capacity as Interim Executive Director
Of the Pasco County Housing Authority,

        Defendants.

_____/

## ORDER

This matter is before the Court upon Plaintiff Charmaine Brawner's Motion for a Preliminary Injunction ("Motion") (Doc. 7), which was referred to the undersigned by the Honorable Steven D. Merryday (Doc. 8).[1]  Defendants oppose Plaintiff's Motion and filed a Notice of Affidavit In Advance of Hearing on Motion for Preliminary Injunction (Doc. 24), but did not file a written response in opposition to the Motion.  For the reasons stated herein, the undersigned **DENIES** Plaintiff's Motion (Doc. 7).

### I.  Procedural History

Plaintiff brought this action against Defendants alleging entitlement to continued participation in the United States Department of Housing and Urban Development (HUD) Section 8 Housing Choice Voucher Program (Doc. 1).  Plaintiff seeks a declaration that Defendants' termination of her Section 8 assistance violates the Due Process Clause of the

---

[1]  The District Judge referred the instant motion for issuance of a report and recommendation (if granted) or for disposition (if denied) (Doc. 8).  *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

Fourteenth Amendment to the United States Constitution, as well as an Order from the Court serving to retroactively reinstate her Section 8 assistance as of July 2014 (Doc. 1).

On July 17, 2014, Plaintiff moved for a preliminary injunction, requesting that the Court order the Defendants to reinstate Plaintiff's Section 8 Voucher, retroactive to July 31, 2014 (Doc. 7).  The Motion contends that Plaintiff has a substantial likelihood of prevailing on the due process challenge (Doc. 7 at 5), irreparable injury in the form of eviction (Doc. 7 at 12), no substantial harm to the Defendants or others (Doc. 7 at 12), and that a preliminary injunction would serve the public interest (Doc. 7 at 13).

As noted above, Defendants subsequently filed an affidavit of Shelly May Johnson, Esq., detailing the history of Plaintiff's relationship with the Pasco County Housing Authority ("PCHA"), including a timeline of events now at issue in Plaintiff's due process challenge (Doc. 24-1).

On September 19, 2014, a motion hearing was held on this matter before the undersigned ("Mot. Hr'g") (Doc. 25).  At the hearing, the parties agreed that the Motion predominantly turns on the likelihood of success on the merits. Mot. Hr'g, Sept. 19, 2014, Oral Argument at 10:07, 10:26-28.

## II. Background

A brief summary of the facts is as follows: On February 14, 2014, a Notice of Intent to Terminate was sent to the Plaintiff due to alleged activity at the residence in violation of the Section 8 program.  A hearing was set for February 26, 2014, which was eventually continued by stipulation.  On May 20, 2014, notice was sent to Plaintiff that her thirty-minute hearing had been rescheduled to occur May 30, 2014, at 10:00 A.M.  Plaintiff was in receipt of the notice as of May 23, 2014, and Plaintiff's counsel contends that he received notice through

the Plaintiff on the morning of May 28, 2014—the day he returned to the office after a vacation.[2]  On that day, Plaintiff's counsel contacted PCHA requesting a continuance, which was reviewed and denied by the Hearing Officer.  Plaintiff did not attend the hearing on May 30, 2014.  Subsequently, in a letter dated June 11, 2014, Plaintiff requested a hearing, which was denied.  On June 16, 2014, Plaintiff's benefits were cancelled effective August 1, 2014.

### III.  Preliminary Injunction

The decision to grant or deny a preliminary injunction is within the discretion of the district court.  *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997).  In determining whether a preliminary injunction should issue, the district court considers whether the moving party has demonstrated: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the moving party unless the injunction issues; (3) the threatened injury to the movant outweighs the potential harm the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not disserve or be adverse to the public interest.  *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1240 (11th Cir. 2005).  Since a preliminary injunction is an extraordinary and drastic remedy, a district court should not issue a preliminary injunction unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites.  *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).  Because the Court finds that Plaintiff has failed to establish a substantial likelihood of success on the merits, the Court need not address the

---

[2] PCHA's affidavit claims that both Plaintiff and Plaintiff's counsel were notified by mail sent on May 20, 2014.

remaining factors.[3]  *See id*.; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

## A.  Success on the Merits

To establish a likelihood of success on the merits, Plaintiff must establish a substantial likelihood that Plaintiff will be successful in establishing a constitutional due process violation in the PCHA's termination of her Section 8 benefits.  The Court finds that Plaintiff has not met this burden.  *See Four Seasons,* 320 F.3d at 1210.

The Eleventh Circuit has found the protections afforded by the Due Process Clause of the United States Constitution to apply in equal force to Section 8 public housing assistance. *Basco v. Machin*, 514 F.3d 1177, 1182 n. 7 (11th Cir. 2008) (citing *Goldberg v. Kelly* ("Goldberg"), 397 U.S. 254, 266 (1970)).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted).  "These principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg*, 397 U.S. at 267-68.  Additionally, "[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." *Id*. (citing *Powell v. Alabama*, 287 U.S. 45, 68—69 (1932)).

Plaintiff argues that the PCHA's actions denied her of the opportunity to be represented by counsel due to insufficient and untimely notice.  In support of this claim, Plaintiff contends

---

[3] While the Court recognizes that "it is a fundamental and longstanding principle of judicial restraint ... that courts avoid reaching constitutional questions in advance of the necessity of deciding them," *Siegel v. LePore*, 234 F.3d 1163, 1179 n. 12 (11th Cir. 2000) (citing *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988)), the Court in this instance sees no alternative to addressing the merit of Plaintiff's constitutional arguments.

that she had retained counsel, that PCHA was aware Plaintiff had obtained counsel, and that PCHA failed to coordinate the hearing date or place with Plaintiff or with counsel.  In the same vein, Plaintiff argues that counsel returned from a short office vacation on Wednesday, May 28th, and had prior work commitments which prevented him from preparing for and attending the May 30th hearing.  Plaintiff thus challenges the adequacy of notice as well as the fairness of the hearing itself—alleging that its structure was, by design, biased against the Plaintiff.

Turning first to the issue of proper notice—what process is due is measured by a flexible standard that depends on the practical requirements of the circumstances.  *Nash v. Auburn Univ.*, 812 F.2d 655, 661 (11th Cir. 1987) (citing *Mathews*, 424 U.S.at 334).  With regard to timing, "there are no hard and fast rules by which to measure meaningful notice."  *Id. at* 661.  In *Goldberg*, the United States Supreme Court expressly declined to hold that seven days' notice was per se constitutionally insufficient, commenting that "there may be cases where fairness would require that a longer time be given."  397 U.S. at 268.

Plaintiff's reliance on this statement in *Goldberg* has no merit as applied to the instant case.  Plaintiff was on notice of an impending rescheduled hearing in February 2014—several months prior to May 30th—when Plaintiff was first put on notice of PCHA's intent to terminate and was made aware of the continued hearing.  This stands in staunch contrast to the seven-day termination and hearing period in *Goldberg,* where even there the Supreme Court declined to rule that such a period was per se constitutionally insufficient.  *See* 397 U.S. at 258, 268.  It is, therefore, difficult to conclude that the situation at bar is one of those cases where fairness requires that a longer time be given.  *See id*. at 268.

Even if the Court were to calculate Plaintiff's notice from May 23, 2014—the date Plaintiff received notice of the hearing date by mail—Plaintiff has failed to carry her burden in

establishing a substantial likelihood of success in claiming that seven days' time is constitutionally insufficient.  *See id*. at 267-68.  A notice of the rescheduled hearing was eventually mailed to Plaintiff by regular and certified mail on May 20, 2014—ten days prior to the hearing.  Upon receipt of the notice, Plaintiff had seven days to arrange transportation (assuming Plaintiff did not want to take advantage of the telephonic hearing option) and prepare for the thirty-minute termination hearing.  It is unclear from the record why Plaintiff was unable to contact potential witnesses and organize her evidence, despite having seven days' notice of the actual date and months' notice of the impending hearing.  Ultimately, Plaintiff cites no authority in support of the premise that notice in this case was not reasonably calculated, under all the circumstances, "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *See Nash*, 812 F.2d at 661 (citing *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 13, (1978)).

Moreover, Plaintiff's appeal in this matter to a deprivation of the right to counsel, as an outgrowth of the purported untimely notice, is unfounded.  The right to counsel was recognized in *Goldberg* as a natural extension of the right to be heard.  397 U.S. at 270 ("The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.") (citing *Powell v. Alabama*, 287 U.S. 45, 68—69 (1932)).  It is entirely another matter, however, to find that because Plaintiff's counsel's vacation schedule conflicted with his notice and detracted from the time available to prepare, that Plaintiff was deprived of the right to counsel and of the right to be heard.  *See id*. at 270 ("We do not say that counsel must be provided at the pre-termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires.").  *Goldberg*'s comment on the necessity, in many cases, of "the right to be heard by counsel" is clearly intended, as evidenced by the subsequent qualifying sentence,

6

to merely allow for counsel to be "retained" and present.  *See id.*  Plaintiff here was given the opportunity to be represented at the hearing by counsel, and had months to prepare her case and consult with an attorney.[4]  Furthermore, assuming, *arguendo*, that the date Plaintiff's counsel was notified will have bearing on Plaintiff's constitutional claims—a proposition that is also unsupported by any authority the Court is aware of—it is unclear why more than two days would be needed to prepare for a thirty-minute hearing that had been pending since February. It is, therefore, a dubious proposition at best to maintain that *Goldberg* contemplates this type of scenario rising to the level of a due process deprivation.  *See* id.

Ultimately, the PCHA's decision not to grant a second continuance rests on grounds that *Goldberg* expressed a particular sensitivity to, by stating: "[w]e wish to add that we…recognize the importance of not imposing upon the States or the Federal Government in this developing field of law any procedural requirements beyond those demanded by rudimentary due process."  *See* 397 U.S. at 267.  The affidavit of Shelly May Johnson on behalf of PCHA notes that Plaintiff's hearing was handled in accordance with the Housing Authority's established procedures for all tenants, and that special treatment given to Plaintiff's counsel would, at a minimum, severely hamper PCHA's ability to effectively and efficiently administer the Section 8 program.  (Doc. 24-1).  In light of this representation, it is unlikely that a brief administrative hearing, such as the one at issue, would be required by *Goldberg* under the banner of due process fairness to be rescheduled because Plaintiff, with months' notice of the impending hearing and seven days' notice of the actual hearing date, claimed an inability to attend, and because counsel expressed an inability to attend and a lack of preparedness due to

---

[4] It is also worth noting that counsel does not appear to have had a direct scheduling conflict with the proposed time of the hearing, but instead had a hearing later in the afternoon that day.  (*See* Doc. 24-1).

the holiday weekend.  *See* 397 U.S. at 267.  Plaintiff's argument to the contrary is, thus, best categorized as a plea to equity, but that is not the standard that governs the Court's determination of this matter.  *See MacGinnitie*, 420 F.3d at 1240.  Accordingly, in consideration of the foregoing, the Court finds that Plaintiff has not established a substantial likelihood of success on the merits of her constitutional claims.  *See Four Seasons,* 320 F.3d at 1210.

### III. Conclusion

As previously discussed, a preliminary injunction is an extraordinary remedy to be used only when a party has meet its burden in establishing the four prerequisites.  *Four Seasons*, 320 F.3d at 1210.  Here, Plaintiff has not met that burden.

Accordingly, after due consideration, it is hereby ORDERED:

Plaintiff's Motion for Preliminary Injunction (Doc. 7) is **DENIED**.

IT IS SO ORDERED in Tampa, Florida, on this 9th day of October, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Hon. Steven D. Merryday
Counsel of Record